IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.: 06-cv-00167-PSF-MEH

RICHARD WILLIAM FOX,

    Plaintiff,

v.

CITY OF DELTA,

    Defendant.

## STIPULATED PROTECTIVE ORDER

Pursuant to Rule 26(c) of the Federal Rules of Procedure and agreement of the parties:

IT IS ORDERED THAT:

1. The parties have disclosed or will disclose documents and/or information or produced documents and/or information pursuant to requests which necessitates the use of a protective order because such documents or information concerns private personnel matters and information regarding third parties that may be confidential. Documents subject to this Protective Order will contain a stamp which reads "Subject to Protective Order" or "Confidential." Documents which would be available pursuant to an open records request, including time and pay records, will not be designated as "Subject to Protective Order or "Confidential" but may be redacted of Social Security numbers and birth dates.

2. The parties will make available to the other parties documents subject to this Order. The parties agree that the confidential material will only be used for purposes of this litigation and may be provided only to the following persons in connection with their duties associated with this litigation:

    a.    Attorneys of record in this action and their partners or associate attorneys;

b.       Any persons regularly employed by such attorneys or their firms, when working in connection with this action under the direct supervision of partners or associate attorneys of said firms;

c.       Parties to this litigation;

d.       Any independent expert, consultant or similar person who has been retained by a party or counsel to provide assistance, expert advice, technical consultation or testimony in this action, and the employees of such experts, consultants or similar persons when working in connection with this action.

e.       This Court; and;

f.       Court reporters or other official personnel reasonably required for the preparation of transcripts of testimony for this action.

3.       Stamped confidential documents shall not be filed with the clerk except when required in connection with motions under Federal Rules of Procedure 12 or 56, motions to determine confidentiality under the terms of this Protective Order, and motions related to discovery disputes if the confidential documents are relevant to the motion.  A party contemplating filing material subject to this Protective Order with the Court shall also comply with the provisions of D.C. Colo. L.Civ.R. 7.2 by filing an appropriate motion with this Court requesting that the materials be filed under seal.  Any materials submitted in connection with such a submission shall be submitted in compliance with the provisions of D.C. Colo.LCiv.R 7.3. Any materials so filed with the Court shall be maintained by the Clerk of the Court under seal and shall be released only upon further Order of the Court.

4. Upon termination of this litigation, all originals and copies of the documents produced by the parties under this Protective Order shall be returned to the producing party or kept confidential and ultimately destroyed.

5. All working papers or other documents in the possession, custody or control of the parties' counsel relating to the information derived from documents covered by the Protective Order shall be kept confidential by each party's counsel and ultimately destroyed.

6. Nothing contained in this Protective Order shall be deemed to imply that any of the documents produced are relevant to the issues involved in this case, nor that they are not subject to some other objection or privilege.

7. Whenever a deposition involves the disclosure of material subject to this Protective Order, the deposition or portions thereof shall be designated as Confidential and subject to this Protective Order. Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as Confidential after the transcript is received by providing written notice of the designation within 30 days after notice by the court reporter of the completion of the transcript. The cover page and those portions of the original transcripts that contain confidential material, shall bear the legend "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER," and shall be bound separately from the non-confidential portions of the transcript. Any deposition exhibits designated confidential shall also be bound separately.

8. The parties agree that dissemination of these documents and/or information is limited by the terms of this Protective Order.

9. The parties agree that prior to designating documents as Confidential Information, the party designating the document will review the information and only designate if there is a good faith belief that the information is confidential or otherwise entitled to protection.

10. A party may object to the designation of particular Confidential Information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten business days after the time the notice is received, it shall be the obligation of the party designating the information as "confidential" to file an appropriate motion requesting that the court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is filed within 20 business days of the notice, the disputed information shall be treated as confidential under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as confidential and shall not thereafter be treated as confidential in accordance with this Protective Order. In connection with a motion filed under this provision, the party designating the information as Confidential shall bear the burden of establishing that good cause exists for the disputed information to be treated as Confidential.

11. The parties acknowledge that the Court retains the right to alter, amend, or otherwise change this Protective Order. The parties, agree, however, that the Order shall remain in effect until further notice is received from the Court.

12. Nothing in this Protective Order shall preclude any Party from filing a motion seeking further or different protection from the Court under Rule 26© of the Federal Rules of

Civil Procedure, or from filing a motion with respect to the manner in which Confidential Information shall be treated at trial.

Dated at Denver, Colorado, this 9th day of May, 2006.

BY THE COURT:

s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge

APPROVED:

NATHAN, BREMER, DUMM & MYERS, P.C.


s/J. Andrew Nathan
J. ANDREW NATHAN, ESQ.
ALLYSON C. HODGES, ESQ.
3800 E. Mexico, Suite 1000
Denver, CO  80210
(303) 691-3737
(303) 757-5106
Attorneys for City of Delta


CORNISH & DELL'OLIO


s/Donna Dell'Olio
DONNA DELL'OLIO, ESQ.
IAN D. KALMANOWITZ, ESQ.
431 North Cascade Ave, Suite 1
Colorado Springs, CO  80903
(719) 475-1204
Attorneys for Richard Fox